# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE BENJAMIN RODRIGUEZ, an individual,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC; HSBC BANK N.A. AS TRUSTEE FOR HOLDERS OF DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-0A1; CLEAR RECON CORP; COUNTRYWIDE BANK, NA; BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO BAC HOME LONAS SERVICING LP FKA COUNTRYWIDE HOME LOANS SERVICING LP,

    Defendants.

Case No. 2:16-cv-02180-KJD-CWH

**ORDER**

Presently, before the Court is Defendants HSBC Bank and Nationstar Mortgage, LLC's ("Nationstar") Motion to Dismiss (#13). Defendant Bank of America, N.A. ("BANA") filed a substantive Joinder (#17) to the motion. Plaintiff filed a response in opposition (#15) to which Defendant replied (#28).

**I. Background**

On or about August 31, 2006, Plaintiff, Jose Rodriguez, purchased property at 4353 Grey Spencer Drive. Plaintiff financed the purchase with a $726,543.00 loan from Defendant Countrywide Bank NA ("Countrywide"). Beginning sometime between 2007 and 2008 Plaintiff admits that he began to fall behind in his loan payments. Plaintiff claims that during this time he was in the process of obtaining a loan modification from Countrywide. However, on or about March 2009, Plaintiff

1 alleges that he sent a letter to Countrywide, informing it that Plaintiff was exercising his right to
2 recission under the Truth in Lending Act ("TILA"). Countrywide responded by informing Plaintiff
3 that his time for recission had expired. Plaintiff claims that he continued in loan modification
4 discussions with Countrywide, who was later acquired by Defendant BANA.

On or about May 24, 2010, the Mortgage Electronic Registration System assigned the Deed of Trust to Defendant HSBC Bank N.A. ("HSBC"). On or about July 8, 2014, Defendant HSBC executed a substitution of trustee through Nationstar, its attorney in fact, designating Defendant Clear Recon Corp. ("Clear Recon"), as trustee under the deed of trust. Clear Recon, on behalf of HSBC, initiated the foreclosure process and recorded a notice of trustee's sale. HSBC then purchased the property at a trustee's sale on July 15, 2016 with a credit bid of $850,219.77.

Plaintiff alleges wrongful foreclosure proceedings and fraud. Plaintiff also alleges that he properly rescinded the loan under TILA on or about March of 2009. He seeks to quiet title and to void the foreclosure sale. Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted.

**II. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[to]survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but it has not show[n]–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly,* 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Fraud has a stricter pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); Nev. R. Civ. P. 9(b). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456, n.1 (Nev.1994). Fraud claims against corporate or business entities require allegations that specifically identify names of individuals who made the misrepresentation, that they had authority to speak for the corporation, and what was said or written and when. *Smith v. Accredited Home Lenders*, 2016 WL 1045507, at *2 (D. Nev. 2016).

# III. Discussion

## A. Plaintiff's Right of Recision Under TILA

Plaintiff claims that he successfully exercised his right to rescind under TILA when he sent a recission letter to Defendant Countrywide in 2009. In the letter, Plaintiff claimed that he had not received the necessary disclosures that TILA requires. Several of Plaintiff's causes of action are based on the theory that Defendants' interest in the property were extinguished by the allegedly successful recission.

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit ..." 15 U.S.C. § 1601(a). If the creditor fails to make the required disclosures or rescission notices, the borrower's "right of rescission shall expire three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f); *see* 12 C.F.R. § 226.23(a)(3); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792-93 (2015)(notice to lender of intent to rescind must be sent within three years of loan execution). However, TILA does not apply to "residential mortgage transactions." 15 U.S.C. § 1635(e). Residential transactions are defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x). This means that "loans used to finance the acquisition or initial construction of a dwelling cannot be rescinded under TILA." *Lial v. Bank of America, N.A.*, 2016 WL 6405812 at *2 (D. Nev. 2016), *Sanchez v. Bank of New York*, 2016 WL 1449597 at *4 (D. Nev. 2016).

In Plaintiff's transaction with Countrywide, the deed of trust was created to finance the acquisition of Plaintiff's dwelling.. Therefore, it is a residential mortgage transaction. Therefore, TILA does not apply, and Plaintiff had no right of recission. *Id*. Plaintiff's recission letter did not extinguish Defendants' interest in the disputed property. *See Id.*

### B. Wrongful Foreclosure

Plaintiff's first cause of action is for wrongful foreclosure. To prevail on a wrongful foreclosure claim, a trustor or mortgagor must show that there was no breach of contract or failure of performance on their part that would justify the foreclosure. *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). A claim for wrongful foreclosure in Nevada must be dismissed if the trustor or mortgagor cannot show a lack of default. *In re Mortg. Electronic Registration Systems, Inc.*, 754 F.3d 772, 785 (9th Cir. 2014). Plaintiff has not alleged in his complaint that there was no breach of contract on his part. In fact, he claimed that he "f[e]ll behind on payments," beginning at some point in 2007 or 2008. Plaintiff cannot show a lack of default. Therefore, Plaintiff's claim for wrongful foreclosure must be dismissed. *Collins*, 662 P.2d at 623.

### C. Quiet Title

Plaintiff's second cause of action seeks to quiet title. He asks this court to quiet the title of the disputed property on the grounds that his recission letter extinguished Defendants' interest in the property from the date that the letter was received. Therefore, the foreclosure proceedings were void and invalid. However, Plaintiff's recission letter did not extinguish Defendants' interest in the property. Therefore, Plaintiff's action for quiet title on the grounds that the foreclosure proceedings were void fails.

### D. Fraud

In his third cause of action, Plaintiff alleges that Defendants engaged in fraudulent behavior. Plaintiff claims that Defendants customarily record fraudulent documents with the Clark County Recorder's Office so that they may use these documents later to unlawfully foreclose on the properties. Plaintiff also alleges that Defendants acted fraudulently in violation of NRS 107.086 and fraudulently executed the Notice of Default and Election to Sell.

Fraud is subject to a heightened pleading standard. Fed. R. Civ. P. 9(b), *Swartz*, 476 F.3d at 764. A plaintiff who alleges fraud must also allege the "who, what, when, where, and how" of the fraudulent behavior. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). It is not enough for the

plaintiff to just allege the "neutral facts necessary to identify the transaction," he must also allege what the false statement was, and why it is false or misleading. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiff alleges that Defendants acted fraudulently but has not met the heightened pleading standard set forth in Rule 9. Plaintiff has not plead sufficient factual information beyond the neutral facts necessary to identify the fraudulent transactions. *Id.* Therefore, Plaintiff's third cause of action for fraud must be dismissed. *Id.*

### E. Action to Set Aside the Trustee's Sale

Plaintiff's fourth cause of action seeks to set aside the Trustee's Sale. Plaintiff claims that the sale violated N.R.S. § 107.080. Plaintiff alleges that Defendants never had legal authority to foreclose based on a theory that is dependant on Defendants' rights being terminated by the recission letter. In order "[to] survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff's recission letter did not extinguish Defendants' interest in the property. Therefore, Plaintiff's fourth cause of action is not facially plausible and must be dismissed. *Id.*

## IV. Conclusion

**IT IS HEREBY ORDERED** that Defendants Nationstar and HSBC's Motion to Dismiss (#13) is **GRANTED**;

**IT IS FURTHER ORDERED** that Bank of America's Joinder (#17) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 18th day of April 2017.

_____
Kent J. Dawson
United States District Judge